**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jose Alberto Maldonado, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2016-001274

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2017-UP-209
Submitted March 1, 2017 – Filed May 17, 2017

**AFFIRMED**

Jose Alberto Maldonado, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Jose Alberto Maldonado, an inmate with the South Carolina Department of Corrections (SCDC) appeals the Administrative Law Court's (the ALC's) order dismissing his inmate grievance, arguing the ALC erred by (1) denying his procedural and substantive due process right to a meaningful appeal, (2) allowing SCDC to file a late brief, and (3) affirming the decision of SCDC that

his sentence was properly calculated. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues one and three: S.C. Code Ann. § 1-23-610(B) (Supp. 2016) (allowing this court to reverse or remand the ALC's decision if it is based on an error of law or abuse of discretion); *Al-Shabazz v. State*, 338 S.C. 354, 382, 527 S.E.2d 742, 757 (2000) ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions."); S.C. Code Ann. § 44-53-375(C)(2)(b) (Supp. 2016) (providing a person who is guilty of trafficking in methamphetamine or cocaine base between twenty-eight and ninety-nine grams should be sentenced to "a term of imprisonment of not less than seven years nor more than thirty years" for their second offense);  S.C. Code Ann. § 16-1-90(A) (Supp. 2016) (classifying the offense listed in section 44-53-375(C)(2)(b) as a Class A felony); S.C. Code Ann. § 24-13-100 (2007) (explaining section 44-53-375(C)(2)(b) is a no-parole offense because it is a class A felony "which is punishable by a maximum term of imprisonment for twenty years or more"); S.C. Code Ann. § 24-13-150(A) (Supp. 2016) (providing an inmate serving a sentence for a no-parole offense "is not eligible for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed").

2.  As to issue two: S.C. Code Ann. § 1-23-610(B) (Supp. 2016) (allowing this court to reverse or remand the ALC's decision if it is based on an error of law or abuse of discretion); SCALC Rule 3(B) ("For good cause shown, the [ALC] may extend or shorten the time to take any action, except as otherwise provided by rule or law.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.